HEATHER R. NORTON, CA State Bar No. 257014
LAW OFFICE OF HEATHER NORTON
236 West Portal Avenue Suite 143
San Francisco, CA 94127
Telephone: 415.379.4171
Heather@heathernortonlaw.com

Attorney for Plaintiff Balance Studio, Inc. d/b/a Kink Academy.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Balance Studio, Inc., a Delaware Corporation d/b/a Kink Academy,<br><br>Plaintiff,<br><br>v.<br><br>Cybernet Entertainment, LLC, a California entity d/b/a Kink.com,<br><br>Defendant. | Case No. 15-cv-04038<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND** |

Plaintiff Balance Studio, Inc. d/b/a/ Kink Academy and KinkAcademy.com ("Kink Academy") for its Complaint against Defendant Cybernet Entertainment, LLC d/b/a Kink.com ("Kink") alleges as follows[1]:

## INRODUCTION

1. In this action, Kink Academy asserts that Defendant has infringed its trademark and committed acts of unlawful competition. Kink Academy seeks injunctive relief and money damages to remedy the harm caused by Defendant's unlawful conduct.

## THE PARTIES

2. Plaintiff Balance Studio, Inc. d/b/a/Kink Academy is a Delaware Corporation with its primary place of business at 411A Highland Avenue, #101 Somerville, Massachusetts 02144.

3. Upon information and belief, Defendant Cybernet Entertainment, LLC d/b/a Kink.com and Kink Studios, LLC among other aliases, is a California Limited Liability Company with its primary place of business at 1800 Mission Street, San Francisco, California 94103.

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court has jurisdiction over the claims arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the remaining claims under 29 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court has personal jurisdiction over Defendant because during all relevant

[1] Kink Academy previously filed an action against Kink.com, which was Case No. 3:15-cv-03441. Kink Academy voluntarily dismissed that case, and is refilling the present action in order to name the proper Plaintiff.

times, Defendant has repeatedly, knowingly, and intentionally directed, and participated in, its activities in this Complaint in this judicial district. While directing, and participating in, the activities alleged in this Complaint, Defendant made systematic and continuous contacts with this judicial district.

**FACTS**

7. Kink Academy is a business that offers adult sexual education. Kink Academy offers its services through the KinkAcademy.com website, as well as through workshops and seminars. The KinkAcademy.com website offers a comprehensive library of sexual education videos for adventurous adults. The website also offers a variety of written educational content. KinkAcademy is committed to its mission of offering videos and other content that is educational in nature, and not solely for entertainment purposes.

8. Kink Academy is devoted to offering videos and other educational content that fosters confidence and a positive body image in its customers. The Kink Academy team works with sex educators from around the world to present the most diverse and experienced voices possible for ongoing sexual education.

9. Kink Academy has developed a strong reputation for integrity and high-quality educational materials within the community of adult sexual educators. Kink Academy has also developed a diverse and loyal customer base.

10. The KinkAcademy.com website has been offering adult sexual education materials since 2007, and has been used continually for that purpose.

11. Kink Academy owns U.S. Trademark Registration Number 3958399 for the "Kink Academy" word and logo mark (the "Kink Academy Mark") shown here:

12. The Kink Academy Mark is registered in International Class 041 for adult sexuality education, namely, through workshops, seminars, on-line video classes featuring information on adult role-play, bondage, domination and submission, fetishes and gender exploration designed to enhance couple's intimacy, and acknowledgment of one's own sexuality.

13. The Kink Academy Mark was first used in commerce on February 1, 2007.

14. Kink.com is an adult entertainment website owned and operated by Defendant. The website offers a variety of pornographic videos.

15. On information and belief, on or before November 2014, Kink.com began operating a "Kink University" website, accessible at KinkUniversity.com or Kink.com/KinkUniversity. The Kink University website is a pornography website that purports to offer educational information. The primary purpose of the website is for entertainment.

16. On information and belief, Peter Acworth, who is the owner and founder of Kink signed up to be a member of the Kink Academy website before launching the KinkUniversity.com website.

17. Kink uses a logo that include a stylized "K, and a diploma along with the phrase "Kink University" as shown below:

18. On April 8, 2014, Kink filed a trademark application for the term "Kink University," Serial Number 86246402.

19. Kink's trademark application lists a date of first use in commerce of April 1, 2014.

20. Kink's trademark application is for use of the "Kink University" mark in International Category 041for Education services, namely, providing live and on-line classes, panel discussions, tutorials, seminars, and workshops in the field of sexuality.

21. On July 23, 2014, the Trademark Office issued an Office Action, in which it rejected Kink's application in view of the previously registered Kink Academy Mark. The Trademark Office found that consumer confusion would exist between "Kink Academy" and "Kink University."

22. Kink failed to respond to the Office Action, and its trademark application was deemed abandoned on February 20, 2015.

23. Kink subsequently filed a motion to revive the application. The Trademark Office did revive the application. On April 14, 2015, the Trademark Office issued a final rejection in which it maintained its rejection of Kink's application in view of the Kink Academy Mark. The Trademark Office reiterated that the two marks convey a similar commercial impression and the use of "Kink University" would likely cause consumer confusion with the "Kink Academy" Mark.

24. Despite the Trademark Office's ruling, Kink continues to infringe Kink Academy's Mark.

25. On information and belief, Defendant's "Kink University" website is designed to take advantage of the significant name recognition and goodwill surrounding Kink Academy and its products.

26. Defendant is damaging the public by causing confusion between Kink Academy and Kink University. As a result of Defendant's actions, Kink Academy has suffered monetary damage in the form of diverted traffic and lost sales. Defendant is damaging the valuable reputation and goodwill in the Kink Academy brand by marketing pornography videos under the guise of educational videos.

27. Actual confusion has already occurred between Kink Academy and Kink University,

and is likely to keep occurring unless Kink is enjoined from using the "Kink University" logo and phrase. Kink Academy's brand and its reputation for integrity and high-quality educational materials have been damaged by being associated with Kink's pornography videos.

**COUNT I – TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

28. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

29. Plaintiff owns U.S. Trademark Registration 3958399 for the "Kink Academy" word and logo mark.

30. Defendant uses a confusingly similar logo and phrase to market adult videos and to draw traffic to its websites.

31. Defendant's use of the "Kink University" mark is without the permission of Plaintiff.

32. Defendants' use of its "Kink University" mark in interstate commerce constitutes a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Plaintiff in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use has caused confusion, mistake, or to deception, and will continue to do so. Users of Defendants' products are likely to be confused as to whether Defendants' products are associated with or approved by Plaintiff.

33. If Defendant's conduct is permitted to continue, Plaintiff faces the risk of irreparable harm. Plaintiff's remedy at law is not by itself adequate to remedy Defendant's actions, and irreparable harm suffered by Plaintiff will continue unless this Court enjoins Defendant. Plaintiff is therefore is entitled to injunctive relief.

34. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover reasonable attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117.

**COUNT II – FALSE DESIGNATION OF ORIGIN**

**(15 U.S.C. § 1125(a))**

36. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

37. As a result of Plaintiff's widespread use of its Kink Academy Mark, its Mark has achieved substantial goodwill, recognition and reputation throughout the United States.

38. Defendant's unauthorized use of the name "Kink University" constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Plaintiff, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendant's use of the Kink University phrase.

39. These acts by Defendants constitute a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. As a result of Defendant's actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

**COUNT III – UNFAIR COMPETITION**
**(Cal. B&P Code§§ 17200 and 17500 et seq.)**

35. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

36. The acts and practices of Defendant as alleged herein, including without limitation, Defendant's use of the "Kink University" phrase to market and promote its products, constitutes false advertising, and unfair competition in violation of the laws of the state of California. As a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and

goodwill.

37. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.

38. Unless Defendant is restrained from pursuing its unlawful course of conduct, Plaintiff will continue to suffer irreparable harm. Plaintiff is therefore entitled to injunctive relief.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff Kink Academy prays for judgment against Defendant as follows:

A. An award of Defendant's profits from its infringement and unfair competition with Plaintiff;

B. An award of Plaintiff's damages caused by Defendant's infringement and unfair competition with Plaintiff;

C. An injunction against Defendant and each of its agents, servants, employees, and attorneys, and those persons in active concert or participation with it:

(1) Enjoining the use of the Kink University word and logo mark, or any colorable imitation thereof or confusingly similar term, in the adult entertainment and/or sexual education market;

(2) Requiring the immediate removal of the "Kink University" word and logo mark from all websites owned or controlled by the enjoined parties, including but not limited to, www.kink.com, www.kinkuniversity.com, and www.kink.com/kinkuniversity.com, and all other text or media offering for sale any products making infringing use of the designations and content.

D. An award of Plaintiff's attorneys' fees, expenses, and costs; and

E. Awarding treble damages in the amount of Defendant's profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. 1117(b);

F. Such further relief as the Court deems just and reasonable.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

DATED: September 3, 2015

By: ______________________
Heather R. Norton
Law Office of Heather Norton
Attorney for Plaintiff Balance Studio, Inc. d/b/a Kink Academy

Case4:15-cv-04038-DMR Document1 Filed09/03/15 Page10 of 10

ZIMMERMAN NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT SCUK CVPO 15-65546