UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALANCE STUDIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYBERNET ENTERTAINMENT, LLC, <br><br> Defendant. | Case No. 15-cv-04038-DMR <br><br> **ORDER ON DEFENDANT'S MOTION TO DISMISS; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 9 |

In this trademark infringement action, Plaintiff Balance Studio, Inc., doing business as Kink Academy and KinkAcademy.com ("Kink Academy"), sues Defendant Cybernet Entertainment, LLC, doing business as Kink.com, for violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125, and state law. Defendant moves to dismiss. [Docket No. 9.] The court finds this matter suitable for resolution without a hearing. *See* Civ. L.R. 7-1(b). For the following reasons, Defendant's motion is denied.

I.  **BACKGROUND**

Plaintiff makes the following allegations in its complaint, all of which are taken as true for purposes of this motion.[1] Plaintiff is a business that offers adult sexual education through various media, including its website, KinkAcademy.com; workshops; and seminars. Compl. ¶ 7. KinkAcademy.com offers "a comprehensive library of sexual education videos for adventurous adults," as well as a variety of written educational content. *Id*. Plaintiff's mission is to offer educational videos and other content that "fosters confidence and a positive body image in its customers." *Id*. at ¶ 8. Plaintiff alleges that it has developed a strong reputation for integrity and

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

high-quality educational materials within the community of adult sexual educators, and developed a diverse and loyal customer base. *Id*. at ¶ 9. KinkAcademy.com has been offering adult sexual education materials since 2007, and has been used continually for that purpose. *Id*. at ¶ 10.

Plaintiff owns U.S. Trademark Registration Number 3958399 for the "Kink Academy" word and logo mark. *Id*. at ¶ 11; Def.'s Request for Judicial Notice ("RJN")[2] Ex. D. The mark was registered on May 10, 2011. RJN Ex. D. USPTO registration information for Plaintiff's word and logo mark indicates the mark was first used on February 1, 2007, and first used in commerce on April 1, 2009. It describes the mark as follows:

> The mark consists of large letter "K" in the color purple with a white and purple outline, a stylized graduation cap in black on top of the left leg of the "K", a black leash attached to the lower leg of the "K" going up and around to the left in a circular manner, with the text "Kink Academy" in black underneath the "K".

RJN Ex. D. The Kink Academy word and logo mark is registered "in International Class 041 for adult sexuality education, namely, through workshops, seminars, on-line video classes featuring information on adult role-play, bondage, domination and submission, fetishes and gender exploration designed to enhance couple's [sic] intimacy, and acknowledgement of one's own sexuality." Compl. ¶¶ 12, 13; RJN Ex. D.

Defendant owns and operates an adult entertainment website, Kink.com, which offers pornographic videos. *Id*. at ¶ 14. On or before November 2014, Kink.com began operating a "Kink University" website, accessible at kinkuniversity.com. *Id*. at ¶ 15.[3] RJN ¶ 16. Kink

---

[2] Defendant asks the court to take judicial notice of Exhibits A through O, which are records of United States Patent & Trademark Office ("USPTO) actions related to the parties' marks. Judicially noticeable facts are those not subject to reasonable dispute because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court may take judicial notice of "records and reports of administrative bodies." *Mack*, 798 F.2d at 1282 (citation omitted). Plaintiff does not object to the court taking judicial notice of these documents. Accordingly, the court grants Defendant's request and takes judicial notice of Exhibits A through O. *See Oroamerica Inc. v. D&W Jewelry Co., Inc*., 10 Fed. Appx. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of USPTO registration certificates, patent file history, and patent application materials).

[3] Defendant asks the court to take judicial notice of the fact that the URL www.kinkuniversity.com automatically redirects users to the URL www.kink.com/site/kinkuniversity. RJN at ¶ 16. The court was unable to access the site and declines to take judicial notice of this fact, given that the actual web address for Kink University is not material to the court's decision herein. Moreover, Defendant does not dispute Plaintiff's allegation that Kink University may be accessed by visiting

1  University is a pornography website that purports to offer educational information, but its primary
2  purpose is entertainment. *Id*. at ¶ 15. Plaintiff alleges on information and belief that Peter
3  Acworth, Defendant's owner and founder, signed up to be a member of KinkAcademy.com before
4  launching KinkUniversity.com. *Id*. at ¶ 16. Defendant uses a logo that includes a stylized "K"
5  and a diploma, with the phrase "Kink University." *Id*. at ¶ 17.

On April 8, 2014, Defendant filed a trademark application for the term, "Kink University," listing a date of first use in commerce of April 1, 2014. *Id*. at ¶¶ 18, 19. It sought to register the "Kink University" mark in "International Class 041 for Education services, namely, providing live and on-line classes, panel discussions, tutorials, seminars, and workshops in the field of sexuality." *Id*. at ¶ 20. The Trademark Office rejected Defendant's application on July 23, 2014 due to a likelihood of consumer confusion between "Kink University" and the Kink Academy word and logo mark. *Id*. at ¶ 21; RJN Ex. L ("Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 3958399."). Defendant's application was deemed abandoned on February 20, 2015. It subsequently moved to revive the application, and on April 14, 2015, the Trademark Office issued a final rejection of Defendant's "Kink University" mark, reiterating that the two marks "convey a similar commercial impression" and that the use of "Kink University" would likely cause consumer confusion with the "Kink Academy" word and logo mark. *Id*. at ¶¶ 22, 23; RJN Exs. M, N (April 14, 2015 USPTO Final Action).

Plaintiff alleges that Defendant continues to infringe its "Kink Academy" word and logo mark, despite the Trademark Office's determination, and that Defendant's "Kink University" website is "designed to take advantage of the significant name recognition and goodwill surrounding Kink Academy and its products." *Id*. at ¶¶ 24, 25. It further alleges that it has suffered monetary damage in the form of diverted traffic and lost sales, and that Defendant is damaging the valuable reputation and goodwill in Plaintiff's brand by "marketing pornography videos under the guise of educational videos." *Id*. at ¶ 26. Finally, Plaintiff alleges that actual

---

www.kinkuniversity.com. The court denies the remaining requests for judicial notice (RJN ¶¶ 17, 18) as they are not material to the court's decision.

confusion has already occurred between Kink Academy and Kink University. *Id*. at ¶ 27.

Plaintiff alleges three claims for relief: 1) trademark infringement pursuant to 15 U.S.C. § 1114; 2) false designation of origin pursuant to 15 U.S.C. § 1125(a); and 3) unfair competition pursuant to California Business and Professions Code section 17200 *et seq*. Defendant moves to dismiss Plaintiff's complaint.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *Id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule

4

12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

#### A. Trademark Infringement

Plaintiff's first claim is for trademark infringement under 15 U.S.C. § 1114. "A successful trademark infringement claim under the Lanham Act requires a showing that the claimant holds a protectable mark, and that the alleged infringer's imitating mark is similar enough to 'cause confusion, or to cause mistake, or to deceive.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005) (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004)).

Here, Plaintiff alleges that it owns U.S. Trademark Registration Number 3958399 for the "Kink Academy" word and logo mark. Registration of a mark on the principal register in the USPTO is "prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right" to its use. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999). Plaintiff also alleges that actual consumer confusion has already occurred between the Kink Academy word and logo mark and Kink University.

Defendant does not argue that Plaintiff fails to plead ownership of a registered mark or likelihood of or actual consumer confusion. Instead, it argues that Plaintiff cannot show liability for infringement based on Defendant's use of disclaimed portions of Plaintiff's composite design mark, where Plaintiff cannot establish secondary meaning to those disclaimed portions. Reply at 5. Defendant submits judicially-noticeable evidence in support of its argument that Plaintiff has rights to a composite design mark only. The USPTO history of Plaintiff's "Kink Academy" word and logo mark shows that Plaintiff disclaimed any exclusive right to the word "academy" apart from the mark as shown. RJN Exs. G (March 17, 2010 Petition to Revive); I (March 30, 2010 USPTO Office Action). The USPTO subsequently required Plaintiff to disclaim any exclusive right to the word "kink," which Plaintiff did by amending its application on April 6, 2010. RJN

5

Ex. J (March 31, 2010 USPTO Office Action); K (April 6, 2010 USPTO Office Action). Plaintiff's registration includes the disclaimer "No claim is made to the exclusive right to use 'KINK ACADEMY' apart from the mark as shown." RJN Ex. K; *see also* Ex. D (registration information dated Aug. 6, 2015 stating "Disclaimer: 'Kink Academy'").

According to Defendant, this evidence establishes that it is free to use the word "kink" "without legal harassment." Def.'s Mot. at 11. Defendant's argument goes like this. First, Defendant asserts that Plaintiff has not and cannot allege that Defendant used Plaintiff's entire composite mark. Defendant further contends that it has not used the non-disclaimed component of Plaintiff's mark, that is, the purple K with graduation cap and leash. Therefore, Defendant argues, "there can be no reasonable or plausible infringement stemming from use of only disclaimed portions of Plaintiff's design mark," (i.e., the word "kink"), citing *Smith v. Entrepreneur Media, Inc.*, No. 2:12-cv-2184 MCE AC PS, 2013 WL 2296077, at *8-9 (E.D. Cal. May 24, 2013). Def.'s Mot. at 12. However, *Smith* is distinguishable, and Defendant's reliance on that case illustrates its misapprehension of Plaintiff's claims.

In *Smith*, the plaintiff sought review of two decisions issued by the USPTO's Trademark Trial and Appeal Board ("TTAB"). 2013 WL 2296077, at *1. Prior to the TTAB decisions, the defendant had obtained a permanent injunction in a civil action enjoining the plaintiff from using the defendant's trademarks. *Id*. The plaintiff later initiated two proceedings before the TTAB seeking to cancel two of the defendant's marks. Only the second TTAB proceeding is relevant here. In that proceeding, the plaintiff sought cancellation of the defendant's mark "ENTREPRENEUR MAGAZINE'S SMALL BUSINESS EXPO" on grounds of abandonment and fraud. The TTAB found that the plaintiff lacked standing "because he had not shown a real interest in cancelling the mark based on his general interest in future use of only the terms 'SMALL BUSINESS EXPO', which were disclaimed and which comprised only a portion" of the defendant's mark. *Id*. at *3. The TTAB also determined that the defendant's registration for "ENTREPRENEUR MAGAZINE'S SMALL BUSINESS EXPO" had expired the year before and thus the mark was abandoned prior to the plaintiff's initiation of the cancellation proceeding. *Id*.

In his suit seeking review of the TTAB decisions, the plaintiff argued, *inter alia*, that the

TTAB had erred in concluding that he lacked standing to cancel the mark "ENTREPRENEUR MAGAZINE'S SMALL BUSINESS EXPO." The plaintiff claimed that given the long history of litigation between the parties, he feared "legal persecution" if he used his domain names, www.smallbusinessexpo.info and www.smallbusinessexpose.info, even though the defendant had abandoned its mark. *Id*. at *4. The defendant moved to dismiss and the court concluded sua sponte that the plaintiff lacked standing to challenge the TTAB decision at issue. The court noted that each of the plaintiff's proposed domain names "consist[ed] solely of a portion of the [defendant's] composite mark—specifically, of the words SMALL BUSINESS EXPO." However, the defendant had explicitly disclaimed that portion of the mark, and once a disclaimer of "an unregistrable component of a mark otherwise registrable" is effected, *see* 15 U.S.C. § 1056(a), "an applicant has no exclusive rights to the disclaimed component apart from the composite mark." *Id*. at *8-9 (quoting *In re Savin Corp*., 69 Fed. Appx.997, 999 (9th Cir. 2003)). The plaintiff's domain names consisted solely of the disclaimed portions of the defendant's mark. The court held that "[b]ecause plaintiff's domain names consist entirely of disclaimed portions of the composite mark, plaintiff cannot reasonably believe that he will be damaged by use of his domain names," and held that the plaintiff lacked standing to challenge the TTAB's decision. *Id*.

Here, Plaintiff does not allege that Defendant has committed trademark infringement based solely on Defendant's use of a disclaimed component of Plaintiff's mark (i.e., Defendant's use of the word "kink"). Rather, Plaintiff alleges that Defendant's use of "Kink University" infringes the composite "Kink Academy" word and logo mark because it has caused "confusion, mistake, or . . . deception." Compl. ¶ 32; *see also Brookfield*, 174 F.3d at 1046 ("To establish a trademark infringement claim under section 32 of the Lanham Act, Brookfield must establish that West Coast is using a mark confusingly similar to a valid, protectable trademark of Brookfield's."). Accordingly, *Smith* is inapposite.

Defendant's remaining arguments are attacks on the validity of Plaintiff's mark that are inappropriate for resolution on a motion to dismiss. For example, Defendant argues that both "kink" and "academy" are descriptive and that Plaintiff will be unable to prove a secondary meaning to either word. However, "registration of a trademark carries with it a presumption of

1   validity." *Alphaville Design, Inc. v. Knoll, Inc.*, 627 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009).
2   Since Plaintiff's "Kink Academy" word and logo mark is registered and thus presumptively valid,
3   Defendant bears the burden of establishing the absence of secondary meaning. "Whether a
4   particular trademark . . . has come to have a secondary meaning is a question of fact." *Id*.

5       Defendant also argues that Plaintiff will be unable to prove priority of use of the dominant
6   component of its mark, which it claims is "kink." According to Defendant, judicially-noticeable
7   facts demonstrate that Defendant first used its mark "kink.com" in commerce in February 2006
8   (RJN Ex. B), almost four years before Plaintiff began using the "Kink Academy" word and logo
9   mark. *See* RJN Ex. B (registration information dated Dec. 16, 2013 for KINK.COM). It is
10  unclear how Defendant's registration of the phrase "kink.com" bears on whether it has infringed
11  on Plaintiff's presumptively valid "Kink Academy" word and logo mark. It appears that
12  Defendant's position is that Plaintiff must establish that it has senior rights to individual
13  components of its mark in order to establish validity of the mark. However, "the validity and
14  distinctiveness of a composite trademark is determined by viewing the trademark as a whole, as it
15  appears in the marketplace." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1392 (9th Cir.
16  1993). Defendant does not otherwise argue that Plaintiff has failed to properly allege a claim for
17  trademark infringement. Its motion to dismiss Plaintiff's trademark infringement claim is denied.

18      Defendant's motion to dismiss Plaintiff's remaining claims for false designation of origin
19  and unfair competition rests on the arguments described above. Since Plaintiff has adequately
20  pleaded its cause of action for trademark infringement, Defendant's motion to dismiss those
21  claims is also denied. *See Brookfield*, 174 F.3d at 1047 n.8 (noting that infringement and false
22  designation of origin claims are often identical, except that false designation of origin claims
23  protect both registered and unregistered trademarks); *Cleary v. News Corp.*, 30 F.3d 1255, 1262-
24  63 (9th Cir. 1994) (holding that state unfair competition claims are "substantially congruent" to
25  Lanham Act claims).

26  **IV.   CONCLUSION**
27      For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint is denied.
28  The court will conduct an initial Case Management Conference on June 1, 2016 at 1:30 p.m. The

parties' joint Case Management Conference statement is due by May 25, 2016.

**IT IS SO ORDERED.**

Dated: April 18, 2016



Donna M. Ryu
United States Magistrate Judge