UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALANCE STUDIO, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CYBERNET ENTERTAINMENT, LLC,<br><br>    Defendant. | Case No.  15-cv-04038-DMR<br><br>**ORDER ON COUNTER DEFENDANT'S MOTION FOR A TEMPORARY ORDER ALLOWING HER TO PROCEED UNDER A PSEUDONYM**<br><br>Re: Dkt. No. 25 |

Plaintiff Balance Studio, Inc. ("Balance"), doing business as Kink Academy and KinkAcademy.com, filed this trademark infringement action against Defendant Cybernet Entertainment, LLC ("Cybernet"), doing business as Kink.com.  On May 2, 2016, Cybernet filed a counterclaim against Balance and its founder and owner in her individual capacity.  [Docket No. 20.]  Balance's founder and owner uses the pseudonym "Kali Williams" professionally, and Cybernet's counterclaim used both the Kali Williams pseudonym and Williams's full legal name.

On June 1, 2016, Williams filed a motion for an order temporarily allowing her to proceed under her pseudonym and requiring Cybernet to file an amended version of its counterclaim in which it replaces her legal name with the pseudonym "Kali Williams."  She also filed a motion for an order shortening time.  [Docket Nos. 24, 25.]  Williams seeks temporary relief pending her filing a motion for leave to proceed under a pseudonym.  This matter is suitable for decision with a hearing.  Civ. L.R. 7-1(b).  For the following reasons, Williams's motion is granted in part.

**I.  DISCUSSION**

Balance is a business that offers adult sexual education through the KinkAcademy.com website and workshops and seminars.  Compl. ¶ 7.  Williams, Balance's founder, currently works in adult sexual education in the area of bondage and sadomasochism ("BDSM").  She offers seminars and coaching services, and also owns websites that feature BDSM instructional videos.

[Docket No. 29 (Williams Decl., June 3, 2016) ¶ 7.][1]  Williams has previously worked in the sex industry as a dominatrix and has recorded commercial videos of herself in that role.  *Id.*  Videos featuring her as a dominatrix are currently available and promoted online at Kink.com.  *Id*. at ¶ 13.

Williams states that it is standard for workers in the sex industry to use aliases because they are frequently targeted for harassment and violence, and asserts that she has been the target of stalkers and threats to her physical safety.  Williams always goes by her alias in any public forum and in connection with her work.  *Id*. at ¶¶ 8, 9.  Williams states that she has been stalked and received numerous violent threats, including threats of rape, as a direct result of her work, and that in a few instances, men have learned her legal name and her physical address.  She describes an incident in approximately 2005 in which a new client told her that after learning her full legal name he had found her home address "just to prove that he could find [her] if he wanted to."  *Id*. at ¶¶ 15, 16, 18.  Since then Williams has moved across the country and "taken measures to ensure that [her] current whereabouts are not publicly discoverable."  *Id*. at ¶ 16.  She does not disclose her legal name unless she has "a vital reason to" and "[has] assurances that it will not be used publicly or otherwise disseminated."  *Id*. at ¶ 17.

Williams states that she is in the process of gathering proof of the threats and stalking she has experienced and will submit additional evidence with a forthcoming motion for permanent relief in the form of leave to proceed under a pseudonym.  *Id*. at ¶¶ 18, 27.  She requests temporary relief pending the court's decision on her forthcoming motion.

The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  "Anonymity, however, cuts against the bedrock principle that courts and judicial records are open."  *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015); *see also Kamakana v. City & Cty. of Honolulu*,

---

[1] Williams filed the present motion on June 1, 2016.  Cybernet filed a response on June 2, 2016, opposing the motion solely on the ground that Williams had failed to support her request with sufficient evidence.  [Docket No. 28.]  Williams then submitted a declaration setting forth facts to support her request for temporary relief along with her reply.  [*See* Docket No. 29.]

447 F.3d 1172, 1178 (9th Cir. 2006) ("[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." (citation omitted)). The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Advanced Textile*, 214 F.3d at 1068.

Williams seeks to proceed under her pseudonym based on concerns for her safety. This is a recognized basis for granting anonymity in judicial proceedings. *See Jane Roes 1-2*, 77 F. Supp. 3d at 995-97 (allowing exotic dancers to proceed pseudonymously for privacy and safety reasons). Williams has made a sufficient showing of her safety concerns to warrant relief in the form of temporarily sealing Cybernet's counterclaim and the parties' joint case management statements, Docket Nos. 17, 20, and 23, all of which contain Williams's legal name, pending a decision on Williams's forthcoming motion to proceed pseudonymously in this litigation. Temporarily sealing these documents from the public will address Williams's immediate safety concerns and maintain the status quo while the court balances Williams's need for anonymity with the public's right of access to judicial proceedings and any prejudice to Cybernet. *See Advanced Textile*, 214 F.3d at 1068.

## II. CONCLUSION

For the foregoing reasons, Williams's motion for a temporary order allowing her to proceed under a pseudonym is granted in part. The Clerk shall temporarily seal Docket Nos. 17, 20, and 23 pending a decision on Williams's forthcoming motion to proceed pseudonymously in this litigation, which currently is set to be heard on July 28, 2016.

**IT IS SO ORDERED.**

Dated: June 9, 2016



Donna M. Ryu
United States Magistrate Judge