UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALANCE STUDIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYBERNET ENTERTAINMENT, LLC, <br><br> Defendant. | Case No. 15-cv-04038-DMR <br><br> **ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO PROCEED UNDER A PSEUDONYM** <br><br> Re: Dkt. No. 32 |

Plaintiff Balance Studio, Inc. ("Balance"), doing business as Kink Academy and KinkAcademy.com, filed this trademark infringement action against Defendant Cybernet Entertainment, LLC ("Cybernet"), doing business as Kink.com. On May 2, 2016, Cybernet filed a counterclaim against Balance and its founder and owner in her individual capacity. [Docket No. 20.] Balance's founder and owner uses the pseudonym "Kali Williams" professionally, and Cybernet's counterclaim used both the Kali Williams pseudonym and Williams's full legal name.

On June 9, 2016, the court granted Williams's motion for an order temporarily allowing her to proceed under her pseudonym and temporarily sealed three docket entries that contain Williams's legal name. [Docket No. 33.] Williams now seeks leave to proceed under her pseudonym throughout this litigation. [Docket No. 32.] After receipt of Cybernet's response to the motion (Docket No. 36), the court ordered Cybernet to submit supplemental information, which Cybernet timely filed. [Docket Nos. 44, 45.] This matter is appropriate for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Williams's motion is granted.[1]

---

[1] Williams asks the court to take judicial notice of three articles regarding online harassment and work in the sex industry. [Docket No. 32-3.] Williams's request for judicial notice is denied as moot as the court did not rely on any of the articles in reaching its decision herein.

## I. BACKGROUND

Balance is a business that offers adult sexual education through the KinkAcademy.com website and workshops and seminars. Compl. ¶ 7. Williams is Balance's founder, and currently works in adult sexual education in the area of bondage and sadomasochism ("BDSM"). She offers seminars and coaching services, and also owns websites that feature BDSM instructional videos. [Docket No. 32-1 (Williams Decl., June 8, 2016) ¶ 7.] Williams has previously worked in the sex industry as a dominatrix and has recorded commercial videos of herself in that role. *Id.* Williams states that as of June 8, 2016, Kink.com is actively promoting at least 27 videos in which she stars as a dominatrix. *Id.* at ¶¶ 13, 14. Kink.com also displays a webpage featuring Williams's image and detailing her physical attributes. *Id.* at ¶ 15.

According to Williams, it is standard for workers in the sex industry to use aliases because they are frequently targeted for harassment and violence. She asserts that she has been the target of stalkers and threats to her physical safety, and always goes by her alias in any public forum and in connection with her work. *Id.* at ¶¶ 8, 9. Williams states that she has been stalked and received numerous violent threats, including threats of rape, as a direct result of her work, and that in a few instances, men have learned her legal name and her physical address. *Id.* at ¶¶ 18, 21. After a 2009 incident involving a new client who learned her full legal name and address "just to prove that he could find [her] if he wanted to," Williams moved across the country and took "measures to ensure that [her] current whereabouts are not publicly discoverable." *Id.* at ¶ 19. She does not disclose her legal name unless she has "a vital reason to" and "[has] assurances that it will not be used publicly or otherwise disseminated." *Id.* at ¶ 20.

Williams states that she receives rape threats on a regular basis from different men referencing her video performances and previous work as a dominatrix. *Id.* at ¶ 21. These threats cause her anxiety and insomnia, and accordingly, she usually deletes emailed threats instead of reading them. *Id.* at ¶¶ 22-23. She attaches to her declaration a series of 17 emails she received during an approximately two-week period in 2009 from a man who wrote that he knew her from the work she had done on Kink.com's site, meninpain.com. *Id.* at ¶ 24, Ex. A. The emails reference rape and murder, and in one instance, the sender states, "[t]his is a serious threat

comming [sic] through your computer." Williams Decl. Ex. A (Feb. 21, 2009 email). Williams contacted an attorney after receiving the emails in question and was advised to retain the emails and contact law enforcement. Williams Decl. ¶ 25. It is not clear whether she contacted the police, but Williams states that the man eventually stopped sending her messages after she continued to ignore him. *Id*. Williams asserts that individuals who threaten her will be able to locate her if they learn her legal name. *Id*. at ¶ 27.

Williams now seeks leave to proceed under her pseudonym throughout this litigation. She also asks the court to order Cybernet to refile the three previously sealed docket entries using her pseudonym instead of her legal name.

## II.  LEGAL STANDARD

The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "Anonymity, however, cuts against the bedrock principle that courts and judicial records are open." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." (citation omitted)). The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Advanced Textile*, 214 F.3d at 1068.

## III.  DISCUSSION

Williams seeks to proceed under her pseudonym based on concerns for her safety. In its response, Cybernet "acknowledges the very unfortunate reality, risk and disadvantage facing individuals who choose to work in the adult industry," (Opp'n at 3), and does not dispute the fact that Williams has received violent threats as a result of her work. As the court previously

acknowledged in granting Williams temporary relief, Williams's concern for her safety is a recognized basis for granting anonymity in judicial proceedings. *See Jane Roes 1-2*, 77 F. Supp. 3d at 995-97 (allowing exotic dancers to proceed pseudonymously for privacy and safety reasons).

The court must next "determine the precise prejudice at each stage of the proceedings to [Cybernet], and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile*, 214 F.3d at 1068. Cybernet expresses its concern that if Williams is permitted to proceed using a pseudonym, she may be able to evade a judgment in its favor. It also contends that Cybernet may be prevented from conducting discovery if she proceeds pseudonymously, although it does not identify specific concerns regarding discovery. Cybernet asks that, "[a]t a minimum," Williams's right to proceed pseudonymously be conditioned on her providing a declaration 1) identifying her legal name; 2) signed with her legal name; 3) wherein she declares that "Kali Williams" is a pseudonym but that it carries "the full legal effect of her legal name"; and 4) wherein she "expressly submits to any and all orders" of the court. Opp'n at 10-11.

With her reply, Williams submitted a declaration, filed under seal and signed under penalty of perjury, in which she identifies her legal name and states the following:

> I agree to comply with all orders of this Court and with any judgment of this Court, regardless of whether the public version of any such orders and/or any judgment publicly refer to me as Kali Williams. I hereby acknowledge that I [name under seal], am known by the pseudonym Kali Williams, and that I am bound by any orders and/or judgments issued in this case that are directed to or reference Kali Williams. I also agree to comply with all discovery requests in this matter that are directed to Kali Williams.

[Docket No. 39-4 (Counter-Defendant Decl., June 28, 2016) ¶ 34 (the "reply declaration").]

Following the submission of Williams's reply declaration, the court ordered Cybernet to file a statement "in which it indicates whether it has any remaining concerns about prejudice it might suffer" if the court grants Williams's motion, and to specifically identify any such prejudice. [Docket No. 44.] In Cybernet's response, it states that it is "satisfied that at this time, no foreseeable prejudice would result" from granting Williams permission to proceed pseudonymously, as long as 1) any court orders in this case indicate that "said order is binding" on the individual named in the reply declaration; and 2) Cybernet may "disclose Counter Defendant's legal name as reasonably necessary to conduct investigation, discovery and examination without

4

violating" any court orders.² [Docket No. 45 at 2-3.] Cybernet's first request—that future court orders expressly state that they are binding on Williams—is unnecessary given her statement in the reply declaration that she agrees that she is "bound by any orders and/or judgments . . . that are directed to or reference Kali Williams." As to its request that it be permitted to disclose Williams's legal name "as reasonably necessary," at this time the court declines to give Cybernet blanket permission to do so, since Cybernet has not identified any specific need to disclose her legal name. As the court in *Jane Roes 1-2* observed, "anonymity need not, and should not, impede either party's ability to develop its case." 77 F. Supp. 3d at 996. This court can "'manage pretrial proceedings' to shape discovery and avoid impediments that anonymity might raise," including "issuing limited protective orders allowing [Williams's] name[] to be revealed to significant third parties, in a way that protects [Williams's] interests sufficiently, 'without prejudicing the opposing party's ability to litigate the case.'" *Id*. (quoting *Advanced Textile*, 214 F.3d at 1069). The court will address such specific requests as they arise. In light of Williams's reply declaration, the court is satisfied that any prejudice to Cybernet can be managed and mitigated and does not outweigh Williams's interest in proceeding anonymously.

"Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Advanced Textile*, 214 F.3d at 1068. The court finds that "[a]nonymity . . . does not in this case threaten the principle of open courts," since "[t]here is nothing about [Williams's] identit[y] that makes it critical to the working of justice" to reveal her legal name. *See Jane Roes 1-2*, 77 F. Supp. 3d at 996. In other words, the court concludes that permitting Williams to proceed using a pseudonym will not "obstruct public scrutiny of the important issues in this case." *See Advanced Textile*, 214 F.3d at 1072. Williams's interest in safeguarding her personal safety and well-being outweighs the public's interest in knowing her legal name.

---

² Cybernet also reserves its right to seek relief from the court if "prejudice . . . becomes apparent" based on Williams's use of a pseudonym in this litigation.

## IV. CONCLUSION

For the foregoing reasons, Williams's motion to proceed using a pseudonym is granted. The court strikes Docket Nos. 17, 20, and 23 from the docket. Within seven days of the date of this order, Cybernet shall re-file its counterclaim (Docket No. 17) and the parties shall re-file their case management statements (Docket Nos. 20 and 23) using only the Kali Williams pseudonym. Williams's administrative motion to file under seal Williams's reply declaration (Docket No. 39) is granted.

**IT IS SO ORDERED.**

Dated: August 31, 2016



Donna M. Ryu
United States Magistrate Judge